UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL KARJO & BAN KARJO,

    Plaintiffs,

v.                                        Case No. 12-13465

FEDERAL HOME LOAN MORTGAGE
CORPORATION,

    Defendant.
                                          /

**OPINION AND ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

Plaintiffs Michael and Ban Karjo sue Defendant Federal Home Loan Mortgage Corporation. Defendant moves under Rule 12 to dismiss with prejudice and, in the alternative, under Rule 56 for judgment as a matter of law. The matter is fully briefed, and no hearing is needed. *See* E.D. Mich. LR 7.1(f)(2).

When considering a motion to dismiss, a court must accept as true the facts alleged in the complaint. *Ashcroft v. al-Kidd*, 131 S.Ct. 2074, 2079 (2011). But if the facts alleged fail to state a claim, the moving defendant is entitled to dismissal. *Total Ben. Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008). Summary judgment is proper if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A genuine dispute of material fact exists if "a reasonable jury could return a verdict for the non[-]moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The complaint alleges that Plaintiffs and Defendant ended a foreclosure action against Plaintiffs with a September 19, 2012, settlement agreement.  The complaint concludes that Defendant breached the settlement by refusing to modify Plaintiffs' mortgage and that Defendant "intentionally made false representations," but the complaint alleges no underlying facts besides the fact of the settlement.  The complaint fails to state a plausible claim for relief, and in that sense the motion to dismiss succeeds.  Defendant seeks dismissal with prejudice, however, whereas an initial failure to plead facts typically warrants dismissal only without prejudice.  Presumably Defendant therefore wants to proceed with the motion for summary judgment.  Plaintiff has not objected that the motion for summary judgment is premature.

The settlement, which is also a stipulated order, states that Defendant "holds all right, title, and interest" to the property at issue.  (Dkt. # 7 Ex. B.)  The settlement states that Defendant will consider modifying Plaintiff Michael Karjo's home loan and that Defendant "shall offer" Karjo a modification if he qualifies for one.  (*Id.*)  "If [] Karjo is denied for a loan modification," the settlement states, "[Plaintiffs] shall vacate [the property] within ten [] days of the date of the notice of denial."  (*Id.*)

Defendant sought and received a copy of Michael Karjo's 2009 and 2010 tax returns.  (Dkt. # 10 Ex. B.)  The returns reveal a 2009 income of $38,070 and a 2010 income of $18,213.  (Dkt. # 7 Exs. H, I.)  In a letter to Defendant, Michael Karjo wrote that his income as of September 16, 2011, was the same as it had been in 2010.  (*Id.* Ex. J.)  At the same time, in another paper, Karjo reported his income as $4,600 a month; he apparently offered no explanation for the discrepancy between this number, equating to an income of $55,200 a year, and the number he claimed in the letter, an

income of less than $20,000 a year. (*Id.* Ex. K.) Defendant says it concluded, based on the tax returns and the letter, that Plaintiffs could not maintain sufficient payments on their $280,000 mortgage. Defendant denied Plaintiff's request for a loan modification on March 21, 2012. (*Id.* Ex. E.)

Plaintiffs repeatedly assert that they "clearly" qualified for a loan modification. The settlement, however, never requires Defendant to use specific criteria to assess Plaintiff's application. Further, the settlement states that Defendant "is under no obligation to approve [] Michael Karjo for a loan modification" and that Karjo "may not receive a loan modification pursuant to th[e stipulated] order." (Dkt. # 7 Ex. B.) Nothing in the settlement enables Plaintiffs to challenge Defendant's decision not to modify the loan, and the settlement protects Defendant from such a challenge.

Plaintiffs contend that Michigan Compiled Laws § 600.3205c entitles them to a loan modification. Plaintiffs never explain how or why Section 600.3205c governs the settlement. In any event, Section 600.3205c provides only one remedy, conversion of a foreclosure by advertisement to a judicial foreclosure. *See Steinberg v. Fed. Home Loan Mort. Corp.*, --- F.Supp.2d ----, 2012 WL 4498297, *5 (E.D. Mich. 2012); *Dingman v. OneWest Bank, FSB*, 859 F.Supp.2d 912, 922 (E.D. Mich. 2012). Plaintiffs demand only a loan modification and money damages. Plaintiffs also assert that Defendant committed fraud and denied a modification in bad faith. Although they offer tart opinions (for example, that Defendant "has made a farce of the settlement [] and this court," (Pl.'s Resp. 12, Dkt. # 10)), Plaintiffs cite no clause of the settlement that Defendant breached, allege nothing false that Defendant said, and submit no evidence of fraud. Accordingly,

3

IT IS ORDERED that Defendant's motion for summary judgment [Dkt. # 7] is GRANTED.

       s/Robert H. Cleland       
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: November 30, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 30, 2012, by electronic and/or ordinary mail.

       s/Lisa Wagner       
Case Manager and Deputy Clerk
(313) 234-5522